UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


EDWARD MONTELONGO                        CIVIL ACTION NO. 25-555

VERSUS                                   JUDGE ELDON E. FALLON

BAYER CROPSCIENCE, INC., ET AL.          MAG. JUDGE EVA J. DOSSIER


ORDER AND REASONS

The Court has before it Defendant and Cross Defendant Foster Wheeler LLC's ("Foster Wheeler") Motion for Summary Judgment. R. Doc. 143. Both Plaintiff Edward Montelongo and Defendant and Cross Claimant Huntington Ingalls Incorporated ("Avondale") oppose the Motion. R. Doc. 161, 163. Foster Wheeler filed a reply memo in response to each opposition. R. Doc. 177, 178. Having considered the briefing in light of the applicable law and facts, the Court will DENY the Motion for the following reasons.

I.      BACKGROUND & PRESENT MOTION

Plaintiff filed the above-captioned action against multiple defendants, including Foster Wheeler and Avondale, seeking damages for his alleged exposure to asbestos and subsequent development of asbestos-related health problems. R. Doc. 1-1, 71. In its answer to Plaintiff's complaint, Avondale asserted crossclaims for virile share contributions from and/or the application of comparative fault to several defendants, including Foster Wheeler. R. Doc. 14. With discovery having been completed and trial approaching, Foster Wheeler now seeks summary judgment on Plaintiff's claims and Avondale's crossclaims against it on the basis that no evidence has been

1

produced showing that Plaintiff was ever exposed to asbestos attributable to Foster Wheeler. R. Doc. 143.

## II.   APPLICABLE LAW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the evidence in the light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion; that is, the absence of a genuine issue as to any material fact or facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). A fact is "material" if its resolution in favor of one party may affect the outcome of the case. *Saketkoo v. Adm'rs of Tulane Educ. Fund*, 31 F.4th 990, 997 (5th Cir. 2022). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

## III.   DISCUSSION

Under Louisiana law, to prevail on the causation element in an asbestos case, the plaintiff must show by a preponderance of the evidence that "he was exposed to asbestos and he received an injury substantially caused by that exposure." *Rando v. Anco Insulations Inc.*, 2008-1163 (La. 5/22/09), 16 So. 3d 1065, 1088, *abrogated on other grounds by Pete v. Boland Marine & Mfg. Co., LLC*, 2023-00170 (La. 10/20/23), 379 So. 3d 636. "When multiple causes of injury are present, a defendant's conduct is a cause-in-fact if it is a substantial factor generating plaintiff's harm." *Id.* (citing *Quick v. Murphy Oil Co.,* 93–2267 (La. App. 4th Cir. 9/20/94), 643 So.2d 1291, 1296, *writ*

*denied,* 94–2583 (La. 1/6/95), 648 So.2d 923)). That is, to prevail against a particular defendant, a plaintiff must show that his exposure to asbestos-containing products manufactured by that defendant constitutes a substantial factor in causing his asbestos-related injury. *Quick*, 643 So.2d at 1296.

Here, Plaintiff asserts asbestos exposure during two stints working for Avondale, from October of 1957 to February of 1958, and again from September of 1959 to May of 1960, R. Doc. 143-4 at 4–6, and one stint working for Kaiser Aluminum & Chemical Corporation ("Kaiser") from 1961 to 1965, R. Doc. 161-2 at 5. Plaintiff does not argue that he was exposed to any Foster Wheeler products containing asbestos during his work at Avondale. But Plaintiff opposes summary judgment as to his claims against Foster Wheeler regarding his work at Kaiser.

Foster Wheeler argues that Plaintiff cannot carry his burden to show that he was exposed to asbestos via Foster Wheeler products at Kaiser because "Foster Wheeler has no record of manufacturing, selling, or supplying furnaces to Kaiser." R. Doc. 143-1 at 6. However, Plaintiff testified that he worked on furnaces manufactured by Foster Wheeler at Kaiser. R. Doc. 161-2 at 3. Plaintiff has also produced the deposition of another Kaiser employee during the relevant time period, Rudolph Nunez, who testified that there were Foster Wheeler furnaces in the Metal Products department at Kaiser in which Plaintiff worked. R. Doc. 161-3 at 23. Moreover, a former Foster Wheeler employee, Joseph Prince, testified at his deposition that Foster Wheeler supplied fifteen furnaces to Kaiser in the early 1950s. R. Doc. 161-5 at 5–6.

In light of this evidence, a genuine issue of material fact exists as to whether Plaintiff was exposed to asbestos-containing products manufactured by Foster Wheeler during his work at Kaiser. A reasonable jury could find that any such exposure occurred and constituted a substantial

3

factor in Plaintiff's asbestos-related injuries. Thus, summary judgment is inappropriate, and Foster Wheeler's motion must be denied.

### IV.   CONCLUSION

Accordingly, for the foregoing reasons;

**IT IS ORDERED** that Foster Wheeler's Motion for Summary Judgment, R. Doc. 143, is **DENIED**.

New Orleans, Louisiana, this 5th day of May, 2026.

_____

United States District Judge