UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EDWARD MONTELONGO | CIVIL ACTION NO. 25-555 |
| VERSUS | JUDGE ELDON E. FALLON |
| BAYER CROPSCIENCE, INC., ET AL. | MAG. JUDGE EVA J. DOSSIER |

<u>**ORDER AND REASONS**</u>

The Court has before it Plaintiff Edward Montelongo's Motion for Partial Summary Judgment. R. Doc. 148. Defendant Huntington Ingalls Incorporated (formerly, "Avondale") opposes the Motion. R. Doc. 169. Plaintiff filed a reply memorandum. R. Doc. 175. Having considered the briefing in light of the applicable law and facts, the Court will GRANT Plaintiff's Motion for the following reasons.

## I.    BACKGROUND & PRESENT MOTION

Plaintiff filed the above-captioned action against multiple defendants, including Avondale, seeking damages for his alleged exposure to asbestos and subsequent development of asbestos-related health problems. R. Doc. 1-1, 71. With discovery having been completed and trial approaching, Plaintiff now asks the Court to rule that Avondale cannot invoke the government contractor defenses set forth in *Boyle v. United Technologies Corporation*, 487 U.S. 500 (1988), and *Yearsley v. W.A. Ross Construction Company*, 309 U.S. 18 (1940), in response to Plaintiff's claims. R. Doc. 148-1.

1

## II.     APPLICABLE LAW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the evidence in the light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion; that is, the absence of a genuine issue as to any material fact or facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). A fact is "material" if its resolution in favor of one party may affect the outcome of the case. *Saketkoo v. Adm'rs of Tulane Educ. Fund*, 31 F.4th 990, 997 (5th Cir. 2022). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

## III.     DISCUSSION

"The *Boyle* government contractor defense provides immunity from state law tort claims for certain government contractors for product design defects when '(1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States." *Matherne v. Huntington Ingalls Inc.*, No. 22-2656, 2024 WL 249505, at *2 (E.D. La. Jan. 23, 2024) (quoting *Boyle*, 487 U.S. at 512). "The *Yearsley* defense shields government contractors whose work was (1) authorized and directed by the Government of the United States and (2) performed pursuant to an Act of Congress." *Id.* Here, Avondale asserts it is eligible for either government contractor defense because during Plaintiffs

2

employment at Avondale, it was constructing vessels with asbestos-containing materials pursuant to contracts with the United States Navy and Maritime Administration and at their direction. R. Doc. 169 at 4.

Several sections of this Court have addressed substantively identical motions and granted summary judgment to the plaintiffs, precluding Avondale from raising a government contractor defense. *See, e.g.*, *Crossland v. Huntington Ingalls, Inc.*, No. 20-3470, 2022 U.S. Dist. LEXIS 190583 (E.D. La. 10/19/2022); *Falgout v. Anco Insulations, Inc.*, No. 21-1443, 2022 U.S. Dist. LEXIS 187097 (E.D. La. 10/12/22); *Adams v. Eagle, Inc.*, No. 21-694, 2022 U.S. Dist. LEXIS 158790 (E.D. La. 9/2/22); *Broussard v. Huntington Ingalls Inc.*, No. 20-836, 2021 U.S. Dist. LEXIS 225247 (E. D. La. 11/22/21); *Legendre v. Louisiana Ins. Guaranty Association*, 2024 WL 1556842 (E.D. La. 4/10/24); *Constanza v. SPARTA Ins. Co.*, No. CV 24-871, 2025 WL 3227783, at *1 (E.D. La. Nov. 19, 2025); *Marcella v. Huntington Ingalls Inc.*, No. CV-24-780, 2025 WL 3554240 (E.D. La. Dec. 11, 2025). As this Court explained in *Legendre*, 2024 WL 1556842, at *3, Avondale offers no novel evidence that other sections of this Court have not previously addressed. *See e.g.*, *Matherne*, 2024 WL 216925 (finding that Avondale Interests cannot invoke *Boyle* or *Yearsley* defenses against a plaintiff's failure to warn and enact safety measures claims though plaintiffs additionally asserted strict liability and general negligence claims against them); *Falgout*, 2022 WL 7540115 (rejecting the applicability of the government contractor defenses against plaintiff's claims for failure to warn about the dangers of asbestos and failure to prevent the spread of asbestos). *Adams*, 2022 WL 4016749 (holding that Avondale Interests cannot invoke the government contractor defenses against failure to warn and to prevent the spread of asbestos claims because (1) no conflict existed between federal and state law, (2) Avondale's contracts with the government did not show government regulations requiring that Avondale refrain from warning

their employees about hazards associated with asbestos, (3) the contracts further did not provide a specification regarding asbestos usage and storage, and (4) the negligence occurred "wholly outside" the contracts); *Broussard v. Huntington Ingalls, Inc.*, No. 20-836, 2021 WL 5448795 (E.D. La. Nov. 22, 2021) (same). This Court finds no reason to diverge from its prior decisions and will grant Plaintiff's motion.

## IV.   CONCLUSION

Accordingly, for the foregoing reasons;

**IT IS ORDERED** that Plaintiff's Motion for Partial Summary Judgment, R. Doc. 148, is **GRANTED**.

New Orleans, Louisiana, this 5th day of May, 2026.

_____
United States District Judge