**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **EDWARD MONTELONGO** | **CIVIL ACTION NO. 25-555** |
| **VERSUS** | **JUDGE ELDON E. FALLON** |
| **BAYER CROPSCIENCE, INC., ET AL.** | **MAG. JUDGE EVA J. DOSSIER** |

**ORDER AND REASONS**

The Court has before two Motions for Partial Summary Judgment filed by Defendant Huntington Ingalls Incorporated (formerly, "Avondale"). R. Doc. 147, 150. Plaintiff Edward Montelongo opposes the Motions. R. Doc. 162, 164. Avondale filed reply memoranda. R. Doc. 179, 180. Additionally, the Court granted Defendant Certain Underwriters at Lloyd's, London's ("Lloyd's") request to join Avondale's Motions. R. Doc. 153. In the first motion, Avondale seeks to dismiss Plaintiff's intentional tort and fraud claims. R. Doc. 147-1. In the second motion, Avondale seeks to dismiss Plaintiff's non-intentional tort claims. R. Doc. 150-1. Having considered the briefing in light of the applicable law and facts, the Court will GRANT Avondale's motion for partial summary judgment as to Plaintiff's intentional tort and fraud claims, and will GRANT IN PART and DENY IN PART Avondale's motion for partial summary judgment as to Plaintiff's non-intentional tort claims for the following reasons.

## I.     BACKGROUND & PRESENT MOTION

Plaintiff filed the above-captioned action against multiple defendants, including Avondale and Lloyd's, seeking damages for his alleged exposure to asbestos and subsequent development of asbestos-related health problems. R. Doc. 1-1, 71. With discovery having been completed and trial

1

approaching, Avondale, joined by Lloyd's, now seeks summary judgment in its favor as to Plaintiff's intentional tort, fraud, and non-intentional tort claims. R. Doc. 147-1, 150-1. As to Plaintiff's intentional tort and fraud claims, Avondale argues that Plaintiff has adduced no evidence showing that Avondale "(1) consciously desired that Mr. Montelongo contract asbestosis or (2) knew that his alleged asbestosis was substantially certain to follow from Avondale's conduct[.]" R. Doc. 147-1 at 3. Additionally, Avondale argues that Plaintiff's non-intentional tort claims are covered by the 1952 version of the Louisiana Workers' Compensation Act ("LWCA"), which thus provides Plaintiff's exclusive remedy for his alleged exposure to asbestos. R. Doc. 150-1 at 9–11.

## II.    APPLICABLE LAW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the evidence in the light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion; that is, the absence of a genuine issue as to any material fact or facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). A fact is "material" if its resolution in favor of one party may affect the outcome of the case. *Saketkoo v. Adm'rs of Tulane Educ. Fund*, 31 F.4th 990, 997 (5th Cir. 2022). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

### III.   DISCUSSION

#### a.  Intentional Tort Claims

To prove an intentional tort, Plaintiff must show that Avondale either consciously desired that he suffer damages as a result of asbestos exposure, or knew that the result was "substantially certain to follow from its conduct." *Cortez v. Lamorak Ins. Co.*, 597 F. Supp. 3d 959, 976 (E.D. La. Apr. 4, 2022). "Substantial certainty requires more than a reasonable probability that an injury will occur" and Plaintiff must prove that his injury was "inevitable or incapable of failing." *Id.*; *Reeves v. Structural Pres. Sys.*, 731 So. 2d 208, 213 (La. 1999). Avondale's "belie[f] that some may, or even probably will, eventually get hurt if a workplace practice is continued does not rise to the level of intentional tort, but instead falls within the range of negligent acts." *Cortez*, 597 F. Supp. 3d at 976 (quoting *Reeves*, 731 So. 2d at 213). To prevail, Plaintiff must show that Avondale's "conduct went beyond knowingly permitting a hazardous work condition to exist, ordering an employee to perform an extremely dangerous job or willfully failing to furnish a safe place to work." *Becnel v. Lamorak Insurance Company*, No. 19-14536, 2022 WL 3369161 at *3 (E.D. La. Aug. 16, 2022) (quoting *Zimko v. Am. Cyanamid*, 905 So. 2d 465, 475 (La. App. 4 Cir. 2005)).

Several sections of this Court have considered substantively identical motions seeking to dismiss intentional tort claims against Avondale arising out of asbestos exposure. *See e.g.*, *Vedros v. Northop Grumman Shipbuilding, Inc.*, No. 11-1198, 2014 WL 906164 (E.D. La. Mar. 7, 2014); *Cortez*, 597 F. Supp. 3d 959; *Becnel*, 2022 WL 3665085. In *Vedros v. Northop Grumman Shipbuilding, Inc.*, plaintiffs argued that Avondale had awareness of the risks associated with asbestos as well as unsafe working conditions, and despite this knowledge, Avondale did not remedy those conditions. 2014 WL 906164, at *3. The court nonetheless granted summary judgment on the intentional tort claims and found that "[e]ven considering the facts in the light

most favorable to Plaintiffs and assuming that Defendants were aware there was a major risk, or even a probability, that [the decedent] would contract mesothelioma," plaintiffs did not provide evidence that would allow a reasonable jury to determine "that [the decedent's] contracting mesothelioma was 'inevitable or incapable of failing' and was thus substantially certain to result from" Avondale's conduct. *Id.* Similarly in *Cortez*, the Court found that the plaintiff's general assertions that Avondale "knew that asbestos was a health hazard," that asbestos "caused fatal lung disease," and that Avondale "had problems with it ... falls short of what is necessary to raise a material issue for an intentional-tort claim." 597 F. Supp. 3d at 959. Likewise in *Becnel*, the court held that "even assuming the defendants were aware that the alleged asbestos from their respective products was dangerous, and they should have used precautionary measures," plaintiffs failed to meet their evidentiary burden "whereby a reasonable juror could conclude that [the plaintiff's] primary lung cancer was 'inevitable or incapable of failing.' " 2022 WL 3665085 at *4.

The same holds true in this case. The evidence Plaintiff presents falls below the bar of what is needed to raise a material issue of fact in an intentional tort claim. Even viewing this evidence in the light most favorable to Plaintiff, Plaintiff does not submit any evidence suggesting that Avondale consciously intended to harm him or that his asbestos-related injuries were "inevitable or incapable of failing." Even assuming *arguendo* that Avondale had awareness that workplace exposure to asbestos was dangerous and that they should have utilized precautionary measures, Plaintiff still fails to bring forward sufficient evidence "whereby a reasonable juror could conclude that [his injury] was inevitable" such that it was substantially certain to result from Avondale's conduct. *Becnel*, 2022 WL 3665085 at *4. Accordingly, the Court finds Plaintiff's claim against

4

Avondale "lies in the realm of negligence, not in the realm of intentional tort." *Cortez*, 597 F. Supp. 3d at 977. Avondale is entitled to summary judgment dismissing Plaintiff's intentional tort claims.

### b. Fraud Claims

Fraud, under Louisiana law, "is a misrepresentation or a suppression of truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other." La. Civ. Code art. 1953. Fraud may also arise from silence or inaction. *Id.* To prevail on a fraud and intentional misrepresentation claim under state law, Plaintiff must prove: (1) a misrepresentation, suppression, or omission of true information; (2) the intent to obtain an unjust advantage or to cause damage or inconvenience to another; and (3) the error induced by a fraudulent act must relate to the circumstance substantially influencing the victim's consent to a cause of the contract. *Becnel*, 2022 WL 3665085, at *4. "Although fraud may result from silence or inaction, 'mere silence or inaction without fraudulent intent does not constitute fraud.'" *Id.* Additionally, fraud cannot be predicated upon gross negligence. *See id.*

Here, Plaintiff fails to present any evidence showing any fraudulent intent on the part of Avondale. In *Becnel*, the Court reached the same conclusion because plaintiffs in that case did not "point[ ] to any evidence which would allow for the reasonable inference that the defendants acted with a fraudulent state of mind." *Id.* at *4-*5. Instead, plaintiffs simply alleged that the defendants were silent regarding the dangerous nature of asbestos-containing products. Without providing any evidence that the defendants had any fraudulent intent, the Court found that plaintiff's "unsupported assertion is not enough to withstand summary judgment." *Id.* at *5.

Similarly, here, the Court finds that the evidence set forth by Plaintiff does not support the assertion that Avondale acted with fraudulent intent. Even if the evidence suggests that Avondale was aware of the risks associated with exposure to asbestos products and did not warn Plaintiff of

the hazards, but instead chose to remain silent, these assertions alone "without fraudulent intent do[ ] not constitute fraud." *Id.* Thus, because Plaintiff has not produced any evidence to raise a genuine issue of material fact with respect to Avondale's fraudulent intent, Avondale is entitled to summary judgment on Plaintiff's fraud claims.

### c.  Non-intentional Tort Claims

Since 1914, the LWCA has provided the exclusive remedy for an employee pursuing a claim against an employer for workplace injuries arising out of the course and scope of employment. 1914 La. Acts 30. In 1952, the LWCA was amended to include occupational diseases arising out of the course and scope of employment, including asbestosis. 1952 La. Acts 532; La. R.S. 23:1031.1. Accordingly, Avondale is immune from Plaintiff's non-intentional tort claims arising from his employment with Avondale which occurred subsequent to 1952.

Plaintiff asserts that a genuine issue of material fact exists as to whether he was a direct employee of Avondale during the entirety of the time he worked on location at an Avondale facility, suggesting he may actually have been an employee of Avoncraft instead from 1959 to 1960. R. Doc. 164 at 10. Nonetheless, with discovery completed, Plaintiff has produced no evidence showing that he worked for Avoncraft rather than Avondale during that time period. Avondale is thus entitled to summary judgment as to Plaintiff's non-intentional tort claims against it: Plaintiff's exclusive remedy against his employer is the LWCA.

However, as Plaintiff points out, Lloyd's is not in an identical position with Avondale with respect to this motion. R. Doc. 164 at 1–2. Plaintiff's brings claims against Lloyd's as the insurer of Avondale's executive officers. *Id.* At the time of Plaintiff's alleged exposure to asbestos, the LWCA did not provide immunity regarding claims against executive officers; this was not added until the statute was amended in 1976. *See Bourgeois v. A.P. Green Industries, Inc.*, 02-713 (La.

6

App. 5 Cir. 2/25/03); 841 So.2d 902, 909. Because the version of the LWCA that was in effect at the time of Plaintiff's alleged asbestos exposure controls here, Lloyd's is not entitled to immunity via the LWCA as to Plaintiff's non-intentional tort claims against Avondale's executive officers.

## IV.    CONCLUSION

Accordingly, for the foregoing reasons;

**IT IS ORDERED** that Avondale's Motion for Partial Summary Judgment, R. Doc. 147, is **GRANTED**.

**IT IS FURTHER ORDERED** that Avondale's Motion for Partial Summary Judgment, R. Doc. 150, is **GRANTED IN PART** as to Plaintiff's claims against Avondale and **DENIED IN PART** as to Plaintiff's claims against Lloyd's.

New Orleans, Louisiana, this 5th day of May, 2026.

_____

United States District Judge