**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **EDWARD MONTELONGO** | **CIVIL ACTION NO. 25-555** |
| **VERSUS** | **JUDGE ELDON E. FALLON** |
| **BAYER CROPSCIENCE, INC., ET AL.** | **MAG. JUDGE EVA J. DOSSIER** |

**<u>ORDER AND REASONS</u>**

The Court has before it Travelers Indemnity Company's ("Travelers") Motion in Limine seeking to exclude certain testimony of proposed expert witness Brent Levingston. R. Doc. 186. Travelers, acting in its capacity as the alleged insurer of the McCarty Corporation ("McCarty"), argues that Levingston should be precluded from offering opinion testimony regarding Plaintiff Edward Montelongo's exposure to asbestos from products supplied by McCarty to Avondale, asserting that Levingston has no basis for these opinions. R. Doc. 186-2, 218. In opposition, Huntington Ingalls Incorporated (formerly, "Avondale") points out that that "[t]o inform his analysis, Mr. Levingston considered Plaintiff's deposition testimony and employment records, as well as other case-specific materials; deposition testimony of various Avondale employees, who identified the asbestos-containing products used at Avondale; federal asbestos regulations that applied to Avondale before, during and after Plaintiff's employment [as an insulation helper at Avondale]; and relevant scientific literature." R. Doc. 202 at 3. These sources, including testimony that McCarty supplied thermal insulation products containing asbestos to Avondale, provide the basis for Levingston's testimony that Plaintiff was more than likely exposed to asbestos via products manufactured by McCarty. *Id.* at 7. Any weakness in the basis for Levingston's opinions

1

may be explored during cross-examination at trial. *See Primrose Op. Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004) (It is "the role of the adversarial system, not the court, to highlight weak evidence."); *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 596 (1993) "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."). Accordingly;

   **IT IS ORDERED** that Travelers' Motion, R. Doc. 186, is **DENIED**.

   New Orleans, Louisiana, this 19th day of May, 2026.

_____
United States District Judge
