**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **EDWARD MONTELONGO** | **CIVIL ACTION NO. 25-555** |
| **VERSUS** | **JUDGE ELDON E. FALLON** |
| **BAYER CROPSCIENCE, INC., ET AL.** | **MAG. JUDGE EVA J. DOSSIER** |

**<u>ORDER AND REASONS</u>**

The Court has before it Plaintiff Edward Montelongo's Motion seeking to partially exclude at trial the testimony of's Defendants Huntington Ingalls Incorporated and Shell USA, Inc.'s (collectively, "Defendants") retained medical expert Dr. Andrew Ghio. R. Doc. 189. Defendants oppose the Motion, R. Doc. 195, and Plaintiff. filed a reply memorandum, R. Doc. 212. Both sides also filed a surreply. R. Doc. 223, 228. Having considered the briefing in light of the record facts and applicable law, the Court will DENY the Motion for the following reasons.

## I.      BACKGROUND & PRESENT MOTION

Plaintiff filed the above-captioned action against multiple defendants, including the movant Defendants, seeking damages for his alleged exposure to asbestos and subsequent development of asbestos-related health problems. R. Doc. 1-1, 71. With trial approaching, Plaintiff asks the Court to preclude Dr. Ghio from testifying at trial that Plaintiff has chronic obstructive pulmonary disease ("COPD"). Plaintiff argues that Dr. Ghio's opinion is the product of unreliable methodology because Dr. Ghio admits that Plaintiff does not meet the diagnostic criteria for COPD as established by the American Thoracic Society ("ATS") and the Global Initiative for Chronic Obstructive Lung Disease ("GOLD"). R. Doc. 189-1 at 2. Accordingly, Plaintiff asserts that Dr. Ghio's conclusion

1

that Plaintiff suffers from COPD is merely Dr. Ghio's subjective belief and subject to exclusion under *Daubert*. In opposition, Defendants assert that Dr. Ghio based his opinion on his expert review of Plaintiff's medical records and imaging, the reports of Plaintiff's own experts, the scientific literature cited in his repoirt, and his extensive background and expertise, rendering Dr. Ghio's opinion reliable for the purposes of review under *Daubert*.  R. Doc. 195 at 2.

## II.    APPLICABLE LAW

District courts have the discretion to admit or exclude expert testimony under the Federal Rules of Evidence. *General Elec. Co. v. Joiner*, 522 U.S. 136, 139 (1997). In *Daubert*, the Supreme Court held that Rule 702 of the Federal Rules of Evidence requires a district court to act as a gatekeeper to ensure that "any and all scientific testimony or evidence admitted is not only relevant, but reliable." 509 U.S. at 589. The Supreme Court extended *Daubert*'s applicability to experts who testify based on technical and specialized knowledge, noting that *Daubert*'s gatekeeping requirement to ensure the reliability and relevancy of expert testimony "is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).

Rule 702 of the Federal Rules of Evidence sets forth the framework governing the admissibility of expert testimony. "The object of Rule 702 is to protect juries from unreliable and irrelevant expert testimony." *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 26 F.4th 256, 268 (5th Cir. 2022). Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

First, Rule 702 requires that an expert must be properly qualified. "[G]enerally, however, if there is some reasonable indication of qualifications, the court may admit the expert's testimony and then leave to the jury the extent of those qualifications." *Urda v. Valmont Indus., Inc.*, 561 F. Supp. 3d 632, 638 (M.D. La. 2021).

Second, an expert's testimony must be reliable. The reliability inquiry requires a court to assess whether the reasoning or methodology underlying the expert's testimony is valid. *See Daubert*, 509 U.S. at 592-93; *Kumho Tire*, 526 U.S. at 152–53. In *Daubert*, the Supreme Court listed several non-exclusive factors relevant to assessing reliability: (1) whether the theory has been tested; (2) whether the theory has been subjected to peer review and publication; (3) the known or potential rate of error; and (4) the general acceptance of the methodology in the scientific community. *Daubert*, 509 U.S. at 593-95. However, a court's evaluation of the reliability of expert testimony is flexible because "[t]he factors identified in Daubert may or may not be pertinent in assessing reliability, depending on the nature of the issue, the expert's particular expertise, and the subject of his testimony." *Kumho Tire*, 526 U.S. at 150. In sum, the district court must ensure "that an expert, whether basing testimony upon professional studies or personal experiences, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Id.* at 152. The party offering the testimony must establish its reliability by a preponderance of the evidence. *See Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998).

3

Third, expert testimony must also be relevant. Testimony is relevant if the expert's reasoning and methodology "fits" the facts of the case and the testimony will assist the trier of fact to understand the evidence. *Daubert*, 509 U.S. at 591. An expert's testimony is not relevant and may be excluded if it is directed to an issue that is "well within the common sense understanding of jurors and requires no expert testimony." *Vogler v. Blackmore*, 352 F.3d 150, 155 (5th Cir. 2003).

### III.    DISCUSSION

In this case, Plaintiff does not contest that Dr. Ghio is qualified to testify as an expert. Rather, Plaintiff challenges the reliability of Dr. Ghio's opinion that Plaintiff has COPD, arguing that it is unreliable in light of the uncontested fact that Plaintiff does not meet the ATS and GOLD criteria for a diagnosis of COPD. However, as Defendants argue, Dr. Ghio bases his expert opinion on multiple substantial sources other than the ATS and GOLD diagnostic criteria. *See* R. Doc. 195 at 5–7. In light of the evidence presented that diagnosis is possible by various means, the Court cannot determine that Plaintiff's failure to satisfy the ATS and GOLD diagnostic criteria operates as a full-stop bar on Defendants' experts testifying reliably that Plaintiff may have COPD.

It is "the role of the adversarial system, not the court, to highlight weak evidence." *Primrose Op. Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004); *see also Daubert*, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."). The fact that opposing parties do not agree with the facts relied upon by an expert or his interpretation of those facts does not render his opinions unreliable; challenges related to the basis of an expert's opinions are thus best suited for cross-examination, not exclusion under Rule 702. *Delta Towing, LLC v. Justrabo*, No. 08-3651, 2009 WL 3763868, at *4

(E.D. La. Nov. 9, 2009). Dr. Ghio's testimony is sufficiently reliable to satisfy this Court's gatekeeping function under *Daubert*.

### IV.    CONCLUSION

Accordingly, for the foregoing reasons;

**IT IS ORDERED** that Plaintiff's Motion, R. Doc. 189, is **DENIED**.

New Orleans, Louisiana, this 19th day of May, 2026.

_____
United States District Judge