UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EDWARD MONTELONGO | CIVIL ACTION NO. 25-555 |
| VERSUS | JUDGE ELDON E. FALLON |
| BAYER CROPSCIENCE, INC., ET AL. | MAG. JUDGE EVA J. DOSSIER |

## ORDER AND REASONS

The Court has before it Plaintiff Edward Montelongo's Motion for Reconsideration, R. Doc. 211. Plaintiff asks the Court to clarify its order, R. Doc. 200, granting in part Huntington Ingalls Incorporated's (formerly, "Avondale") motion for partial summary judgment, R. Doc. 150. Avondale opposes the Motion. R. Doc. 232. Having considered the briefing in light of the applicable law and record facts, the Court will GRANT the Motion for the following reasons.

Plaintiff filed the above-captioned action against multiple defendants, including Avondale, seeking damages for his alleged exposure to asbestos and subsequent development of asbestos-related health problems. R. Doc. 1-1, 71. Avondale previously moved for partial summary judgment as to Plaintiff's non-intentional tort claims. R. Doc. 150. The Court granted that motion in part as to Plaintiff's claims against Avondale relative to Plaintiff's development of asbestosis, holding that those claims are barred by the Louisiana Workers' Compensation Act ("LWCA"). R. Doc. 200 at 6. However, the Court neglected to address Plaintiff's claims that he developed not only asbestosis, but also traction bronchiectasis as a result of his exposure to asbestos while working for Avondale. *See* R. Doc. 164 at 7–9.

1

A genuine issue of material fact exists as to whether traction bronchiectasis is merely a condition resulting from asbestosis, or a separate disease in its own right. *See* R. Doc. 221-1 at 3. If traction bronchiectasis is a disease separate from asbestosis, it is not a disease listed in the LWCA, is thus not covered by that act, and Plaintiff may still raise claims against Avondale relative to his development of traction bronchiectasis from asbestos exposure while working for Avondale. This factual issue precludes summary judgment on the issue of Plaintiff's claims against Avondale relating to traction bronchiectasis. Accordingly, the Court will amend its prior order to clarify that Plaintiff's claims against Avondale relative to asbestosis have been dismissed, but Plaintiff's claims against Avondale relative to traction bronchiectasis remain unresolved and at issue for trial.

Accordingly, for the foregoing reasons;

**IT IS ORDERED** that Plaintiff's Motion, R. Doc. 211, is **GRANTED**, and this Court's prior order, R. Doc. 200, granting in part Avondale's Motion for Partial Summary Judgment, R. Doc. 150, is hereby **CLARIFIED** and **AMENDED** to the extent that summary judgment is **DENIED** with respect to Plaintiff's claims against Avondale relative to Plaintiff's alleged development of traction bronchiectasis.

New Orleans, Louisiana, this 20th day of May, 2026.

_____
United States District Judge